UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PRIM ADVISORS, INC. | ) | CASE NO.: 1:07CV3661 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Resolving Document #36) |
| CHRISTIAN D. LAETTNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion for an in camera inspection of documents filed by Plaintiff Prim Advisors, Inc. For the reasons stated below, the motion is DENIED.

**FACTS**

Plaintiff and Defendant reached an in-court settlement of this matter on February 13, 2008. Based upon that settlement, certain restrictions were placed on Plaintiff with respect to disclosures regarding Defendants. Plaintiff now asserts that it is obligated to disclose certain documents due to pending litigation in the Cuyahoga County Court of Common Pleas that may violate the settlement agreement. Plaintiff has indicated that it informed Defendants of this pending disclosure and that Defendants have asserted that a portion of the discovery will violate the terms of the settlement agreement. Plaintiff, therefore, requests that this Court review its pending discovery and determine whether disclosure is permissible.

1

**ANALYSIS**

In its motion, Plaintiff provided a letter from Defendants' counsel that voices objections to certain documents being produced.  Rather than file only these documents with the Court, Plaintiff has filed the entirety of its discovery.  Included in that discovery are numerous emails and documentation that are wholly unrelated to the settlement in this matter.  Moreover, Plaintiff also included a letter from the plaintiff's counsel in the State court litigation.  That letter indicates that no discovery was sought that related to the Defendants in this matter.

This Court will not serve as a document clearinghouse, reviewing every piece of discovery that Plaintiffs may disclose in current or future litigation.  As the Court previously stated, if Plaintiff hold a reasonable belief that disclosures that violate the settlement are required by law, it may request inspection of *only* those documents.  In addition, Plaintiff will provide legal argument on why it believes that such disclosures are required by law.  In its motion, Plaintiff does nothing more than summarily conclude that the Civil Rules of Procedure require disclosure of the roughly 100 pages of attached discovery.  Plaintiff makes no attempt to identify the specific documents at issue and offers no argument related to why these documents are responsive and/or relevant to the pending State action.  Furthermore, given the letter from plaintiff's counsel in the State action, it appears that these documents are neither relevant, nor responsive to the discovery requests in that matter.

**CONCLUSION**

Plaintiff's motion for an in camera inspection is DENIED. If Plaintiff wishes to follow the Court's prior directive and file a motion specifying the documents at issue and offering argument in support of their disclosure, counsel is permitted to do so.

So ordered.

<u>April 28, 2008</u>   ____<u>/s/ *Judge John R. Adams*</u>_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT